# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UBALDINA SANDOVAL, | ) | |
| Plaintiff, | ) | No. 1:12-cv-05965 |
| v. | ) | Hon. John A. Nordberg |
| ELITE STAFFING, | ) | Magistrate Judge Maria Valdez |
| Defendant. | ) | |

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT OF EMPLOYMENT DISCRIMINATION

Defendant ELITE STAFFING, INC. ("Elite"), by its undersigned counsel, for its Answer and Defenses to the Complaint of Employment Discrimination ("Complaint") of Plaintiff UBALDINA SANDOVAL ("Plaintiff"), states as follows:

1. This is an action for employment discrimination.

**ANSWER:** **Elite admits that Plaintiff alleges employment discrimination but denies violating any statute or engaging in employment discrimination, and therefore denies any wrongdoing or liability.**

2. The plaintiff is Ubaldina Sandoval of the county of DuPage in the state of IL.

**ANSWER:** **Elite admits that the Plaintiff is Ubaldina Sandoval. Elite lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2.**

3. The defendant is Elite Staffing, whose street address is 1240 Meachum Rd., (city) Itasca (county) _____ (state) IL (ZIP) 60143 (Defendant's telephone number) (630) 202-4162.

**ANSWER:** **Elite admits that it is the named defendant in this matter. Elite denies the remaining allegations of Paragraph 3.**

4. The plaintiff sought employment or was employed by the defendant at (street address) same as above (city) _____ (county) _____ (state) _____ (ZIP code) _____.

**ANSWER:** **Elite admits that it employs Plaintiff. Elite denies the remaining allegations of Paragraph 4.**

5. The plaintiff [*check one box*]

    (c) was employed but is no longer employed by the defendant.

**ANSWER:** **Elite admits that it employs Plaintiff. Elite denies the remaining allegations of Paragraph 5.**

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) April, (day) _____, (year) 2012.

**ANSWER:** **Denied.**

7.1 *(Choose paragraph 7.1 or 7.2, do NOT complete both.)*

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

    (i) the United States Equal Employment Opportunity Commission, on or about (month) June (day) 11 (year) 2012.

(b) If charges were filed with an agency indicated above, a copy of the charge is attached. __X__ YES. ____ NO, but plaintiff will file a copy of the charge within 14 days.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

**ANSWER:** **Elite admits the allegations in paragraphs 7.1(a) and 7.1(a)(i) and 7.1(b). Elite denies that it violated any statute or engaging in employment discrimination, and therefore denies any wrongdoing or liability.**

8. (*Complete paragraph 8 only if defendant is not a federal governmental agency.*)

(b) the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) 6 (day) 20 (year) 2012 a copy of which *Notice* is attached to this complaint.

**ANSWER: Elite admits that the United States Equal Employment Opportunity Commission issued a *Notice of Right to Sue* on June 18, 2012, a copy of which is attached to Plaintiff's Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the date on which Plaintiff received the *Notice of Right to Sue*.**

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

    (a)    Age (Age Discrimination Employment Act).

**ANSWER: Denied.**

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

**ANSWER: Paragraph 10 is inapplicable and therefore requires no response. To the extent a response is required, Elite denies the allegations in paragraph 10.**

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. §1331, 28 U.S.C §1343(a)(3), and 42 U.S.C. §2000e-5(f)(3); for 42 U.S.C. §1981 and §1983 by 42 U.S.C. §1988; for the A.D.E.A. by 42 U.S.C. §12117; for the Rehabilitation Act, 29 U.S.C. § 791.

**ANSWER: Elite admits jurisdiction is conferred pursuant to the A.D.E.A. by 42 U.S.C. §12117. Elite denies jurisdiction is conferred by any other statute listed in Paragraph 11. Elite denies any violation of any statute.**

12. The defendant [*check only those that apply*]

    (b)    terminated the plaintiff's employment.

**ANSWER: Denied.**

13. The facts supporting the plaintiff's claim of discrimination are as follows: My husband and I reported to work for a training and were told that the training had been cancelled. We were not dressed to work as it was very cold so we were sent home. Later that evening we were told that we were terminated because we didn't work that day. Younger people under the age of 40 were not terminated for similar circumstances.

**ANSWER:** **Denied.**

14. [*AGE DISCRIMINATION ONLY*] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

**ANSWER:** **Denied.**

15. The plaintiff demands that the case be tried by jury.  ☒ YES  ☐ NO

**ANSWER:** **Elite admits that Plaintiff has made a jury demand.**

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

    (b) Direct the defendant to re-employ the plaintiff.

    (g) If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

    (h) Grant such other relief as the Court may find appropriate.

**ANSWER:** **Elite denies violating any statute or engaging in employment discrimination, and therefore denies any wrongdoing or liability. Elite further denies that Plaintiff has suffered any damages or is entitled to any relief whatsoever.**

## ADDITIONAL AND AFFIRMATIVE DEFENSES

For its defenses, including its affirmative defenses, Elite incorporates the allegations and answers contained in Paragraphs 1 through 16 of the Complaint, inclusive, as if fully set forth herein and states as follows:

1. Plaintiff's claims are barred to the extent that she did not exhaust administrative remedies.

2. Plaintiff's claims are barred to the extent that her allegations are beyond the scope of her administrative charge of discrimination.

3. Plaintiff's claims are barred or limited to the extent they are untimely and barred by any statute of limitations.

4. Plaintiff's claims for damages are barred or limited because Plaintiff has either mitigated her damages or has failed to mitigate her damages.

5. Elite's employment decisions were made in good faith, based on legitimate, nondiscriminatory reasons unrelated to Plaintiff's age and/or other protected classifications, and with the honest belief that its actions were lawful.

6. Even if an impermissible motivating factor existed for Elite's employment decisions – which Elite expressly denies – Elite would have taken all challenged actions in the absence of any such impermissible motivating factor.

7. Elite has, at all times relevant, maintained a publicized anti-discrimination/anti-harassment policy and complaint procedure of which Plaintiff was knowledgeable and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Elite or to avoid harm otherwise.

8. Plaintiff's claims for future lost wages ("front pay") are barred or limited because they are too speculative and not well grounded.

9. To the extent Plaintiff seeks punitive or liquidated damages, she is not entitled to such damages because Elite did not willfully violate any statute or act recklessly, wantonly or willfully.

10. Any damages, if any, sustained by Plaintiff are the result of her own conduct.

11. Plaintiff does not describe the alleged claims with sufficient particularity to permit Elite to ascertain what other defenses may exist. Elite therefore reserves the right to assert additional defenses, including affirmative defenses, which may pertain to Elite once the precise nature of Plaintiff's claims and underlying facts are determined. Elite reserves the right to amend its Answer and Defenses to the Complaint to assert such additional defenses as may become apparent during the continuing course of this litigation.

WHEREFORE, Defendant ELITE STAFFING, INC., respectfully requests that this Court enter an Order dismissing the Complaint with prejudice, awarding it all costs of defending this lawsuit, and entering such other and further relief as the Court may deem just and proper.

DATED: August 19, 2013.

Respectfully submitted,

By: ___/s/ Jennifer L. Colvin___
    One of the Attorneys for Defendant,
    ELITE STAFFING, INC.

Jennifer L. Colvin (ARDC No. 6274731)
**OGLETREE, DEAKINS, NASH,**
  **SMOAK & STEWART, P.C.**
155 North Wacker Drive, Suite 4300
Chicago, Illinois 60606
Telephone: 312.558.1220
Facsimile: 312.807.3619
*jennifer.colvin@ogletreedeakins.com*

# CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that on August 19, 2013, a true and correct copy of the foregoing ***Defendant's Answer and Defenses to Plaintiff's Complaint of Employment Discrimination*** was filed electronically with the Clerk of Court using the ECF system, which sent notification of such filing to the following:

>Nathan I. Neff, Esq.
>**NEFF LAW GROUP, P.C.**
>414 North Orleans Street
>Suite 210
>Chicago, IL 60654
>*nathan@nefflawgroup.com*
>
>***Attorney for Plaintiff***


    /s/ Jennifer L. Colvin

15544652.1